# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION



GERARD J. PUGH,

    Petitioner,

v.

HUGH SMITH, Warden,

    Respondent.

Case No. CV404-184

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, the Court recommends that the petition be DISMISSED.

## I. BACKGROUND

On March 26, 1997, a Chatham County grand jury indicted petitioner for aggravated assault and burglary. (Resp. Exh. 5, pp. 17-19). After being tried before a jury, petitioner was convicted of aggravated assault on March 12, 1998. He was sentenced to 20 years' imprisonment as a recidivist. On

direct appeal, petitioner's conviction and sentence were affirmed on August 13, 2001.

On October 11, 2002, petitioner filed a state habeas petition in Tattnall County, Georgia. Resp. Exh. 1. The habeas court denied relief on March 8, 2004. Resp. Exh. 2. Petitioner's application for certificate of probable cause to appeal that denial was denied on October 13, 2004. Resp. Exh. 3. Petitioner also filed a second habeas corpus petition in Tattnall County on April 15, 2004. Resp. Exh. 4. That action is still pending.

Petitioner filed the instant petition in this Court on October 27, 2004. Respondent filed a motion to dismiss the petition on January 3, 2005. Petitioner filed a response to the motion on January 6, 2005.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. In the absence of (1) an impediment to seeking federal habeas relief created by illegal state action, (2) the recognition of a new retroactively applied principle of constitutional

law by the United States Supreme Court, or (3) a factual basis for habeas corpus relief that was not discoverable before the running of the limitations period, the one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect. 28 U.S.C. § 2244(d)(1). A conviction becomes final when direct review is concluded or when the time allotted for seeking direct review has expired. 28 U.S.C. § 2244(d)(1)(A); see also Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). The one-year limitation period is also tolled while a prisoner seeks state habeas corpus relief. Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

Petitioner was convicted on March 12, 1998. His conviction became final on August 23, 2001, ten days after the decision in his direct appeal was entered when the time for filing a petition for writ of certiorari to the Georgia Supreme Court expired. See Rule 38(2) of the Georgia Supreme Court. Petitioner then waited approximately 14 months to file his first state habeas corpus petition on October 11, 2002. By that point, the one-year period had fully expired so that there was no time left to toll. Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000). Petitioner has not alleged any

other grounds for tolling of the limitations period. Consequently, petitioner's § 2254 petition for habeas relief in this Court, filed October 27, 2004, is untimely and should be dismissed.

## III. CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED, and the instant petition be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 21st day of **January, 2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## *Southern District of Georgia*

GERARD J. PUGH )

vs ) CASE NUMBER CV404-184

HUGH SMITH, Warden ) DIVISION SAVANNAH

)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated January 21, 2005, which is part of the official record of this case.

Date of Mailing: January 24, 2005

Date of Certificate ☐ same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Gerrard Joseph Pugh, Georgia State Prison, GDC442700, 100 GA Highway 147, Reidsville, GA 30499-9701
Jason Charles Fisher, Esq
Paula K. Smith, Esq.

☒ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate