UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GERARD PUGH,

    Petitioner,

v.                    404CV184

HUGH SMITH, Warden,

    Respondent.

## ORDER

This Court denied as untimely Gerard Pugh's 28 U.S.C. § 2254 petition. Doc. # 20. He then unsuccessfully appealed. *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) (habeas petitioner's Georgia state court convictions for aggravated assault and burglary became "final," for purpose of triggering the one-year limitations period for filing federal habeas petition, 10 days after the Georgia Court of Appeals affirmed the convictions, rather than 90 days after the affirmance, where petitioner could have sought review during the 10-day period in the Georgia Supreme Court, but did not, so that he was not entitled to seek review in the United States Supreme Court).

The *Pugh* mandate was docketed in this Court on 2/26/07. Doc. # 29. On 6/30/08, Pugh moved, over the State's objection, to reopen this case. Doc. ## 31, 32. In these sorts of F.R.Civ.P. 60(b) cases someone usually points to a piece of paper that was in the file but overlooked, or some other snafu that excuses a perceived omission and thus stops the limitations clock. *See, e.g., McNeal v. Forniss*, 2008 WL 2205126 at * 1 (11th Cir. 5/29/08) (unpublished) ("For the first time in a post-judgment motion, Petitioner claimed the Affidavit submitted with his 2004 state habeas petition was still pending in state court and the pendency of that Affidavit tolled the federal limitations period"). Proceeding *pro se*, Pugh adverted to a problem with sending his legal mail to the courts, and insisted that the

> respondent knew of the damage or destruction of mail and/or mailboxes but did not tell Ass. Atty General Jay Fisher [representing the respondent here,] who challenge[d] my federal habeas corpus as time barred[,] that I should have been tolled and a hearing held.

Doc. # 31 at 1.

The Court concluded that this assertion, like the few others set forth in doc. # 31, bespeaks some sort of fraud-based claim. As vague as it was, however, it did not hint at any sort of fraud *upon the Court itself*, which is the only way Pugh could hope to establish jurisdiction at this juncture. *Ferrell v. U.S.*, 2008 WL 723986 at * 2 (M.D.Ga. 3/14/08) (unpublished) ("[I]f the Rule 60(b) motion is not designed to prevent a fraud upon the court, but rather to re-open a judgment, the court lacks subject matter jurisdiction over the motion"); *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) (fraud relief standard).

Pugh simply failed to explain why, if he believed some part of the mailing or filing process broke down and thus could excuse his untimeliness here, such explanation was not presented during his last sojourn through this Court. Hence, the Court deemed his Rule 60(b) motion a successive motion and dismissed it as such. Doc. # 33 (entered 7/23/08).

Moving, *months* later, for reconsideration (hence, he tacitly invokes F.R.Civ.P. 60(b)),[1]

---

[1] *See Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) ("A post-judgment motion may be treated as made pursuant to either Fed.R.Civ.P. 59 or 60 -- regardless of how the motion is styled by the movant -- depending on the type of relief sought"); *McGregor v. Board of Com'rs of Palm Beach County*, 956 F.2d 1017,

Pugh seems to be requesting an Order directing prison authorities from his past to search for, if not admit to, mishandled documents that would explain his habeas-filing untimeliness here. Doc. # 34 at 1-2.

Inmates do retain access-to-court rights,[2] but they must timely exercise them, and waiting until the reconsideration phase of a denied-motion to reopen a case dismissed *years* ago simply does not meet that mark.

Accordingly, the Court **DENIES** Gerard Pugh's reconsideration motion. Doc. # 34.

This  12  day of November, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

1020 (11th Cir. 1992) ("[A] motion for rehearing is interpreted as a Fed.R.Civ.P. 59(e) motion"). Here Pugh's timing drives what rule he impliedly invokes:

> Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990).

*U.S. v. Hicks*, 286 F.Supp.2d 768, 769 (E.D.La. 2003); *see also id.* ("The government filed this motion for rehearing on August 25, 2003, more than ten days after the Court's order was issued. Thus, the Court will treat it as a motion for relief from judgment under Rule 60(b)").

[2] *See Rich v. Zitnay*, 644 F.2d 41, 43 n. 1 (1st Cir. 1981) (Maine corrections authorities, who transferred prisoners to federal prison at Leavenworth, Kansas after determining that prisoners were security risks, remained responsible for research and legal assistance accouterments to which prisoners were entitled for purposes of seeking postconviction relief in courts of state of Maine); *Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir. 1993) ("[T]he general rule imposes upon the sending state authorities the responsibility for ensuring their prisoners incarcerated in sister state facilities are afforded access to state courts"); *Hannon v. Allen*, 241 F.Supp.2d 71, 74-75 (D.Mass. 2003); *Murphy v. Kennedy*, 2005 WL 1353945 at * 1 (S.D.Ga. 5/16/05) (unpublished).